# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF ALABAMA

In re

LARRY NORMAN HAYNES,

    Debtor.

Case No. 05-11083
Chapter 7

## MEMORANDUM DECISION

This Adversary Proceeding is before the Court upon the Defendant's "Motion to Lift or Modify the Automatic Stay to Allow an Offer of Judgment." (Doc. 21). The Trustee filed an objection to the motion. (Doc. 23). This matter came for hearing on January 15, 2008. For the reasons set forth below, the motion to lift or modify the automatic stay is DENIED AS MOOT. However, the Defendant may formally serve her offer of judgment on the Trustee pursuant to Rule 68, FED. R. CIV. P.

## I. FACTS

On September 8, 2004, the Debtor Larry Haynes and the Defendant Maria Sarsfield were involved in an automobile accident in Montgomery, Alabama. Haynes filed a law suit against Sarsfield, which is currently pending in the United States District Court for the Middle District of Alabama (Civil Action No. 2:06-cv-519). On May 23, 2005, Haynes filed for relief under Chapter 7 of the Bankruptcy Code. (Doc. 1). William C. Carn, III, was appointed as the Chapter 7 Trustee for Hayne's bankruptcy estate. On March 6, 2006, this Court entered an order authorizing the employment of counsel for the estate to pursue the law suit against Sarsfield. (Doc. 14).

Sarsfield now wishes to make a formal Offer of Judgment to the Debtor pursuant to Rule 68, FED. R. CIV. P., as made applicable to Bankruptcy Proceedings under Rule 7068, FED. R.

1

BANKR. P. In order to effectuate the offer of judgment, Sarsfield's attorney filed a motion in bankruptcy court to "Lift or Modify the Automatic Stay to Allow an Offer of Judgment," to which the Trustee objected.

## II. CONCLUSIONS OF LAW

Sarsfield wishes to make a formal offer of judgment pursuant to Rule 68, FED. R. CIV. P., which provides in part as follows:

> At any time more than 10 days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against the defending party for the money or property or to the effect specified in the offer, with costs then accrued. If within 10 days after the service of the offer the adverse party serves written notice that the offer is accepted, either party may then file the offer and notice of acceptance together with proof of service thereof and thereupon the clerk shall enter judgment. An offer not accepted shall be deemed withdrawn and evidence thereof is not admissible except in a proceeding to determine costs. If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after making the offer. The fact that an offer is made but not accepted does not preclude a subsequent offer. . . .

The Trustee has objected to Sarsfield's motion and countered that he cannot comply with the provisions of Rule 68, because he has no authority to accept an offer of judgment. The Trustee argues that only the Court may approve a settlement, and the approval cannot be completed within ten days, as twenty days notice to all creditors is required under Bankruptcy Rules 2002(a)(3) and 9019(a).

The United States Court of Appeals for the District of Columbia handed down a well-reasoned decision that discusses the applicability Rule 68 in bankruptcy court proceedings. Gordon v. Gouline, 81 F.3d 235 (D.C. Cir. 1996). In that case, the plaintiff (Chapter 7 trustee for the debtor's estate) had a law suit pending against non-debtor defendants when the defendants

2

served the trustee with a written offer of judgment. The trustee sent a notice of acceptance, along with a cover letter stating that the agreed-upon settlement would have to be approved by the bankruptcy court pursuant to the Bankruptcy Rules. The bankruptcy court later approved the settlement, but the Defendants withdrew their offer claiming that it had expired since the trustee had conditioned his acceptance on approval of the bankruptcy court and had not unequivocally accepted within the ten days.

The court began by noting that Bankruptcy Rule 7068 "explicitly applies Rule 68 to bankruptcy proceedings. Thus, it is clear that Congress contemplated the use of Rule 68 offers of judgment to resolve bankruptcy disputes. Given such intent, we must interpret Rule 68 to give it real meaning in the context of bankruptcy proceedings." The defendants claimed that the offer of judgment was not accepted by the trustee, since he conditioned his acceptance on court approval. The defendants argued that because the bankruptcy rules required notice be given to all creditors, the approval process unfairly extended the ten day window provided for in Rule 68. The court, however, rejected this argument, finding that it would be unreasonable to force bankruptcy trustees to determine whether to accept an offer, notice all creditors, and conduct a court hearing all within ten days. The court further noted that the defendants' position would never allow Rule 68 to be employed in a bankruptcy proceeding, despite Congress' clear inclusion of Rule 68 in the Bankruptcy Rules.

The court held that the only way to fulfill the Congressional purpose of Rule 68 was to simply require "clear and unconditional acceptance by the trustee with ten days of the offer of judgment." The court noted that parties would then move as quickly as possible to get bankruptcy court approval of the settlement. However, the court was careful to state that there was "no reason

3

that the extra time necessary to secure the court's approval should have anything to do with the original ten-day period within which the offer must be accepted."

This Court agrees with the opinion in Gordon and holds that the Trustee may accept the offer of judgment within ten days and then seek Court approval for the compromise. As long as the Trustee's acceptance or rejection of the offer is made within ten days, the offer of judgment is valid. Sarsfield may, therefore, formally make her offer of judgment pursuant to Rule 68, and the Trustee shall have ten days to either accept or reject the offer, subject to Court approval of the settlement under Bankruptcy Rule 9019.

### III. CONCLUSION

For the reasons set forth above, the motion to lift or modify the automatic stay filed by Sarsfield is denied as moot, as such action is not necessary. Sarsfield may serve her offer of judgment on the Trustee pursuant to Rule 68, FED. R. CIV. P.

Done this the 6th day of February, 2008.

/s/ William R. Sawyer
United States Bankruptcy Judge

4